Ex parte
Johnson.

### THE UTICA BANK *against* KIBBE.

Mileage on habeas corpus ad testificandum to be computed both for going and returning.

---

### *Ex parte* JOHNSON.

The sheriff received a plaint in replevin on which he delivered the property; but omitted to summon the defendant, till after the next term. The C. P. set aside the summons as irregular, ordering an alias summons to issue; and *holden* well.

A PLAINT in replevin was issued, and delivered to the sheriff of Washington county, against the relator, at the suit of Herroun, before the December term of the common pleas of that county, 1826. Upon this plaint the goods were delivered: but the defendant was not summoned till after the December term. The summons was to appear at the March term thereafter. The C. P. afterwards ordered the summons and subsequent proceedings to be set aside, with leave to the plaintiff to issue an alias summons, returnable at that, or the next term.

A motion was now made for a mandamus commanding the judges of the C. P. to vacate the rule for an *alias* summons; 1. Because there could be no alias, for want of a previous summons remaining; 2. Because the statute, (1 *R. L. 91, s. 1,) declares, that the defendant shall be summoned to appear at the next court of C. P. after the plaint issues, or the chattels are delivered.

*Curia.* We think the C. P. were right. The plaint was

[*425]

---

(a) Vid. 2 R. L. 20.

in the nature of an original, which commands a summons; and, not being executed by notice to the party, is no reason why the process should wholly fail. The second authority to summon the defendant was in nature of an *alias*. At any rate, calling it so in the rule, or elsewhere, will not vitiate it. The statute is merely directory to the sheriff. No doubt, it is his duty to summon the party, if he can. But if he fails to do his duty, this is no reason why the plaintiff should lose his suit. The motion must be denied.

Motion denied.