## John Leonard v. Henry Woodward and another.

*Attachment: Service: Certified copy: Inventory: Formal defects.* The fact that the copy writ of attachment served was not certified by the officer, where it is in fact a true copy, and where it is accompanied by a copy of the inventory of property attached, duly certified, does not render the service invalid, the defect being purely formal.

*Default for want of plea: Affidavit: Record: Judicial notice.* The failure to file an affidavit for a default cannot be taken advantage of on error, such affidavit being no part of the record; the purpose of this affidavit being but to inform the court of that of which he is bound to take judicial notice, *i. e.*, that no plea had been filed, it is not error to order judgment without it.

*Submitted on briefs October 4.    Decided October 10.*

Error to Benzie Circuit.

*Edwin S. Pratt,* for plaintiff in error.

*W. H. Francis* and *Fowler & Harley,* for defendants in error.

LEONARD *v.* WOODWARD.

COOLEY, CH. J:

The writ of error in this case brings up a judgment rendered on default in a suit by attachment. A number of objections are taken to the proceedings, all of which are technical. The only objections which appear to us to require notice are the following: that the copy of the writ which was served on the defendant was not certified by the officer; and that default for want of plea was entered without the filing of any affidavit showing an actual default.

As to the first of these objections, the sheriff returned that he served a copy of the writ, and this fact is not disputed. He also returned that at the same time he served a copy of the inventory of the property attached, duly certified. We cannot think the court failed to obtain jurisdiction of the person of the defendant by reason of the omission of the formal certificate to the copy served. The defect was purely formal, and the certificate to the copy inventory which was served with it could not have left the defendant in any doubt regarding the character of the proceeding. It is impossible that he could have supposed the service to be other than a service of authentic papers.

Nor can the failure to file an affidavit for a default be taken advantage of here. Indeed, we cannot legally know that one was not filed. The affidavit is not a part of the record, and the record would not necessarily show whether one was filed or not. The record would only inform us that, after the expiration of the time for pleading, no plea having been filed, default was entered and judgment taken. There is no error in this. But in any case of this nature the affidavit could only inform the court of that which he must take notice of without it; namely, that no plea had been put upon the files. If the court took judicial notice of the fact, and ordered judgment without it, no harm is done and no error committed.

The judgment must be affirmed, with costs.

The other Justices concurred.