JAMES L. EDSON ET AL. v. HENRY J. LALONDE AND SERAPHINE LALONDE.

*Practice in circuit court—Judgment by default—Affidavit of non-appearance.*

No affidavit of non-appearance is necessary before entering a defendant's default. for failure to plead, of which fact the court will take judicial notice; citing *Leonard v. Woodward,* 34 Mich. 514; *Elliott v. Farwell,* 44 Id. 186; *Bogue v. Prentis,* 47 Id. 124.[1]

Error to Chippewa.  (Steere, J.)  Submitted on briefs October 14, 1891.  Decided October 30, 1891.

[1] In the first two cases cited, the default was entered, as in this case, for a *failure to plead;* and in *Bogue v. Prentis* it was admitted that there had been no appearance, and the Court held that the neglect to file an affidavit showing such fact was no ground for reversing the judgment on writ of error, the defendant not having been injured, and that the omission might have been cured *nunc pro tunc* in the court below.

In *Low v. Mills,* 59 Mich. 35, 43, it is held that the failure to file an affidavit of non-appearance is no ground for setting aside an order *pro confesso* entered for want of an appearance, as the records will always disclose the fact if an appearance has been entered; which appearance is said to be different from one at law, where service of notice of retainer is an appearance, which makes it necessary to show by affidavit defendant's non-appearance, since the records and files might not disclose the fact.

In *Steers v. Holmes,* 79 Mich. 430, it is held that the Court will take judicial notice of the failure of a defendant *to plead,* and that the entry of his default without filing an affidavit showing such failure cannot be taken advantage of on error; citing *Leonard v. Woodward,* 34 Mich. 514.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*E. S. B. Sutton,* for appellants.

*Goff & Cady,* for plaintiffs.

LONG, J. This cause was commenced by declaration in the circuit court for the county of Chippewa. A rule to plead was entered, and the declaration, with notice of rule indorsed thereon, was personally served upon each of the defendants within that county. The declaration contained a copy of the promissory note upon which the action was based. Neither of the defendants appeared or pleaded, and after the lapse of 20 days after service of declaration their default was duly entered.[1] The default was thereafter made absolute, and on May 16, 1891, judgment was entered for the amount of the note and interest. Defendants thereafter attempted to settle a bill of exceptions in the case, which was refused.

Defendants bring the case to this Court by writ of error. Eight errors are assigned. They are all too frivolous to be noticed, but we shall notice the fifth, upon which claim is made that,—

"No affidavit of the non-appearance of the defendants, or either of them, having been made and filed in the cause, the judgment rendered by the court below is irregular and void."

No affidavit of non-appearance was necessary before entry of default. The court would take judicial notice from the record that no appearance had been entered and no plea filed by the defendants. The case falls directly within the ruling of this Court in *Leonard v. Woodward,* 34 Mich. 514; *Elliott v. Farwell,* 44 Id. 186; *Bogue v. Prentis,* 47 Id. 124.

---

[1] The default was entered for want of a "plea, answer, or demurrer."

The case, apparently, was removed to this Court for the purpose of delay and vexation, for which the defendants must respond in damages. The judgment will be affirmed, and $25 in addition to the taxable costs will be allowed against the defendants for vexatious appeal.

The other Justices concurred.