WILLIAM ANDERSON v. VICTOR H. LANE, CIRCUIT JUDGE OF LENAWEE COUNTY.

*Replevin—Service—Failure of officer to certify copy—Alias writ.*

The proper practice on a motion to dismiss a writ of replevin because of the failure of the officer to certify the copy of the writ served upon the defendant is to allow an *alias* writ to issue to complete the service, rather than to dismiss the proceeding.

*Mandamus.*    Argued April 2, 1895.    Granted April 16, 1895.

Relator applied for *mandamus* to compel respondent to set aside an order dismissing a writ of replevin. The facts are stated in the opinion.

*Walter C. Burridge,* for relator.

*James W. Wightman,* for respondent.

MONTGOMERY, J.    The relator sued out a writ of replevin for certain goods in the possession of one William A. Bennett. The writ was returned duly served. The defendant in the case appeared specially, and moved to dismiss the proceedings for the reason that the copy of the writ served upon him was not certified by the officer. This motion was granted, and the writ dismissed. Application is now made for *mandamus* to require the circuit judge to vacate the order of dismissal.

The service was irregular. How. Stat. § 8326, provides that the service shall be made by delivering to the defendant personally a certified copy of the writ, if the defendant can be found; but the proper practice in such case is to allow an *alias* writ to issue, rather than to dismiss the proceeding. See Wells, Repl. § 466; *Bell v. Circuit Judge*, 26 Mich. 414; *Ex parte Johnson*, 7 Cow. 424. There is no reason why the default of the sheriff should compel the plaintiff to lose the benefit of his proceedings. There has been no substantial damage to the defendant. See, also, *Leonard v. Woodward*, 34 Mich. 514.

We think the order dismissing the proceedings should be vacated. If there be no appearance, an *alias* writ should be permitted, to complete the service. Relator will recover costs against the defendant in replevin.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.