SKEELS *v.* OCEANA CIRCUIT JUDGE.

1. ATTACHMENT—FORM OF WRIT—SERVICE.

2 How. Stat. § 7991, as amended by Act No. 129, Pub. Acts 1895, relating to the execution of writs of attachment issued out of the circuit court, provides that if property is found and seized in the county where the writ issues, but it is insufficient to satisfy the demand and costs, the officer shall seize other property, sufficient, with that seized within his county, to satisfy the same, wherever it may be found within the State, and shall serve a copy of the attachment and inventory upon the defendant, if found within either county where property has been seized. *Held*, that a writ which commands service upon defendant, "if he can be found in either county where property has been seized under the writ," is not invalid for failure to command service in the county where the writ issues if defendant can there be found.

2. SAME.

The further provision of the amended statute that, in case defendant shall not be found in either county where property has been seized, service may be made by the sheriff of any county where defendant may be, authorizes service by the sheriff of another county in any case where defendant is not found in the county or counties where property is seized.

*Mandamus* by Richard Skeels to compel Fred J. Russell, circuit judge of Oceana county, to quash a writ of attachment. Submitted December 13, 1898. Writ denied January 20, 1899.

*W. D. Fuller*, for relator.

*L. M. Hartwick*, for respondent.

LONG, J. It appears that on May 11, 1898, one John V. Cahill sued out of the Oceana circuit court a writ of attachment against relator, returnable June 10, 1898. The usual affidavit was annexed to the writ. On the date of its issue the sheriff of Oceana county levied the writ upon certain lands of the relator, and caused the same to

be appraised.  The levy was indorsed upon the writ, as well as the certificate of the appraisers.  On the same day the writ was issued, and the property attached and appraised, the sheriff sent the writ, with the affidavit attached and levy indorsed, and the appraiser's certificate also indorsed, to the sheriff of Ottawa county, for service on the defendant named in the writ, the relator here.  The sheriff of Ottawa county served the writ personally on the relator in Ottawa county, by delivering to him certified copies of the affidavit, writ of attachment, and inventory, certificate of levy, and appraisal.  On June 29, 1898, the original writ was returned and filed in the clerk's office of Oceana county.  The return of the sheriff of Oceana county is indorsed on the writ, and sets forth the levy, with a description of the land, the appraisal, etc., as made on May 11, 1898.  The sheriff then further returns:

"On the day aforesaid I was unable to find said defendant within said county, and learning that he was in Ottawa county, in said State, I sent said affidavit and writ to Frank Van Ry, sheriff of said Ottawa county, whose return of personal service appears on back of affidavit annexed hereto."

The return of the sheriff of Ottawa county is duly indorsed, and sets forth, as above stated, how he served the writ.

On July 2, 1898, an affidavit of nonappearance was filed in the case, and on July 6th the declaration was filed.  On July 14th the relator moved to quash the writ and set aside the service on the grounds:

1. That the writ is not in the form required by section 7990, 2 How. Stat., and Circuit Court Rule No. 1 (*e*), as it does not contain the commands specified in said statute and rule.

2. That section 7991, as amended by Act No. 129, Pub. Acts 1895, authorizing the service of a writ of attachment in any county within this State by the sheriff of the county where the defendant may be found, applies only where the writ has been levied upon property of defendant in more than one county, and the defendant is not found in either of said counties.

This motion was denied by the court below, and application is now made for the writ of *mandamus* to compel the circuit judge to quash the writ and vacate the service.

1. The first point made is that the writ of attachment does not command the sheriff to whom the writ issued to serve a copy of it and the inventory, certified by him, upon the defendant if he can be found within the county, but only commands that the sheriff serve a copy of the writ and inventory, certified by him, upon the defendant if he can be found in either county where property has been seized under the writ. We think the writ was in substantial compliance with the amendatory act of 1895. That act provides that in case any property of defendant is found and seized in said county (that is, the county in which the writ issues), but not sufficient to satisfy the demand and costs, then said officer shall seize other property of the defendant, sufficient, with that seized within his county, to satisfy the demand and costs, wherever the same may be found within the State, and shall serve a copy of such attachment and inventory upon the defendant, if found within either county where property has been seized; and in case defendant shall not be found in either county where property has been seized, such service may be made in any county within this State by the sheriff of the county wherein such defendant may be. Circuit Court Rule No. 1 (*e*) makes substantially the same provision. It follows the amendatory act of 1895.

2. Property was seized in Oceana county, but none in Ottawa county. The defendant was in Ottawa county, and the writ and inventory were served upon him there. The amendatory act of 1895, we think, is broad enough to allow such a service; that is, if the defendant could not be found in the county where the property was seized, the writ and inventory might be served in any county in the State where he might be found.

The court very properly refused to quash the service. The order is affirmed.

The other Justices concurred.