## DE CARIE *v.* MARKS.

1. ATTACHMENT — APPRAISERS — DISINTERESTED FREEHOLDERS — COUNTY CLERK.

Having no interest in the outcome of litigation, the clerk of the court is not disqualified from acting as appraiser of attached property.

2. SAME—CERTIFIED COPY.

Omission by the sheriff of his certificate that the copy of the writ and inventory was a true copy, etc., is not fatal to the validity of service of process upon defendant in attachment proceedings, under section 10560, 3 Comp. Laws.

Certiorari to Presque Isle; Emerick, J. Submitted April 10, 1912. (Docket No. 51.) Decided July 11, 1912.

Attachment by Oliver De Carie against Mores Marks. An order overruling a motion to quash the service of process is reviewed by defendant on writ of certiorari. Affirmed.

*Connine & Connine*, for appellant.

*I. S. Canfield*, for appellee.

STEERE, J. This is a proceeding in certiorari, in which defendant asks this court to review and reverse the action of the circuit court of Presque Isle county in denying a motion to set aside service upon said defendant of a writ of attachment, and to quash said writ.

On September 3, 1910, plaintiff, De Carie, sued out, from the Presque Isle county circuit court, a writ of attachment against defendant, Marks, returnable on October 24, 1910. On those dates and for more than 20 years prior thereto said defendant was not a resident of Presque Isle county, but had resided continuously in the county of Iosco, Mich. The alleged grounds for issuing said writ were that defendant had fraudulently contracted the debt and incurred the obligation to recover which suit was brought. On said 3d day of September, 1910, the sheriff of Presque Isle county, under said writ, levied upon certain real estate belonging to the defendant, located in said county of Presque Isle, making an inventory thereof and causing it to be appraised under the statute by two freeholders of the county, one of whom was the county clerk. On the hearing of said motion before the circuit court of Presque Isle county on January 9, 1911, there was produced and put in evidence the original files in said cause, including the writ of attachment, with returns of the sheriffs of Presque Isle and Iosco counties, as to the manner in which they had executed and served the same.

To said original writ of attachment was annexed the original affidavit upon which said writ was issued; also, the original certificate of attachment, inventory, appraisal, and oath of appraisers. Attached to said original writ was also the return of said sheriffs thereto. Said return by the sheriff of Presque Isle county was full and complete, stating in detail the various steps taken by him in levying upon certain real estate, making an inventory thereof, and causing the same to be appraised under said writ, containing, among other things, the following:

"And I do further return that I retained the said annexed writ of attachment in my hands from the date of its issue up to and including the 24th day of October, 1910, the return day thereof, and during all of said time made diligent search and inquiry for the within named defendant, Mores Marks, and after such search and inquiry, as aforesaid, I could not find said defendant within Presque Isle county so as to make personal service upon him of the said writ, inventory, and appraisal aforesaid; and I further certify and return that the said Mores Marks has no place of residence, or last place of residence within said Presque Isle county at which place I could leave with any person a true and certified copy of the said writ of attachment, together with a true and certified copy of the inventory and appraisal of the property so levied upon by me, as aforesaid; and that thereafter and on the 19th day of October, 1910, I caused George H. Hadwin, sheriff of Iosco county, Mich., being the county wherein said Mores Marks, defendant, lives, to personally serve true and certified copies of the annexed writ of attachment, affidavit, levy, inventory, and appraisal, aforesaid, upon said defendant, Mores Marks, at Au Sable, in the county of Iosco, State of Michigan. The return of said sheriff of Iosco county is hereto annexed and herewith returned.
                    " CHARLES PAGELS, Sheriff."

Which return of the said Iosco county sheriff, so attached, is as follows:

" STATE OF MICHIGAN, County of Iosco—ss. :
" I hereby certify and return that on the 19th day of October, 1910, I served the hereto attached writ of attachment, inventory, and appraisal on the defendant,

Mores Marks, therein named, by delivering to said Mores Marks, defendant, at Au Sable, in the county of Iosco, true and certified copies of the annexed writ of attachment, affidavit, levy, inventory, and appraisal, and at the same time exhibited to said defendant, Mores Marks, the signature of the clerk on said original writ and the seal of the court impressed thereon.

"Fees, $2.60.

"GEORGE H. HADWIN,<br>
" Sheriff of Iosco County."

Upon the hearing of said motion to quash the writ of attachment, counsel for defendant produced and put in evidence the papers served upon said defendant by the sheriff of Iosco county on October 19, 1910, as proof that the copy of said writ served upon him was not certified by the attaching officer as required by the statute. The copy served was an exact copy of the original writ and affidavit upon which the same was issued, and had annexed thereto the same certificate of seizure and inventory, oath to appraisers, and appraisal as were attached to the original; said inventory and appraisal being as follows:

STATE OF MICHIGAN, County of Presque Isle—ss.:

By virtue of the annexed writ of attachment wherein Oliver E. De Carie is plaintiff, and Mores Marks is defendant, I have this day seized certain lands, tenements, goods, chattels, moneys and effects, of which the following is an inventory made by me, viz.:

INVENTORY.

Appraised Value.

E. ½ of lots 1 and 2 in block 4 according to the original plat of the village (now city) of Onaway, Presque Isle county, Mich. ------------------------------------- $2,500 00

Lot 4 in block 9 in Young's Add. to the village (now city) of Onaway, Presque Isle Co., Mich. ------------------- 1,000 00

Dated this 3d day of September, A. D. 1910.

CHARLES PAGELS, Sheriff of Presque Isle County.

EUGENE D'VINCENT,

L. J. MALLOY, Appraisers.

On the reverse side of the inventory in each case appeared the oath of the appraisers, subscribed by them and sworn to before said sheriff of Presque Isle county. The circuit judge certifies and returns, in relation to the copy

of the writ and other attached papers, so served upon said
defendant, that the signature to the above-quoted certifi-
cate of seizure and inventory and to the jurat of apprais-
ers "was the genuine signature of Charles Pagels,
sheriff" of Presque Isle county, and that—

"There was also indorsed upon said copy a true copy of
the original appraisement of the property named in said
inventory and signed by said appraisers, Eugene D'Vin-
cent and L. J. Malloy."

Printed legal forms were used for these proceedings,
and upon the back of the inventory of the copy served
upon defendant was the following printed form, with
dates written in, but unsigned:

"STATE OF MICHIGAN, County of Presque Isle—ss. :
"I do hereby certify that the annexed paper is a true
copy of a writ of attachment to me directed and delivered
and now remaining in my hands, and that the forgoing is
a true copy of the inventory made by me of the lands,
tenements, goods, chattels, moneys, and effects which I
have seized by virtue of the said writ.
"Dated this 3d day of September, A. D. 1910."

The omission of the sheriff to sign this certificate is the
principal and most serious defect relied upon by defend-
ant.

The method of service as made upon defendant by the
sheriff of Iosco county at the request of the sheriff of
Presque Isle county was not premature and is sustained
by *Skeels* v. *Oceana Circuit Judge,* 119 Mich. 290 (77
N. W. 996); provided no defect is shown in the papers
served.

The contention in defendant's behalf that the attach-
ment was invalid is narrowed by the argument of his
counsel to the following reasons:

(*a*) Because one of the appraisers was the county clerk
of Presque Isle county, who issued the writ and is, for that
reason, an interested party.

(*b*) Because the copy of the writ and inventory served
upon defendant was not certified to by the sheriff.

The appraisers are required by the statute to be disinterested freeholders. The return of the sheriff and oath taken by the appraisers show them to be such. The only question raised to the contrary is the official position of the county clerk. No authority is cited in support of this contention, but it is urged that he was officially connected with the case and interested to the extent of his fees. We are unable to sustain this objection. The clerk acts only in a ministerial capacity in issuing writs of attachment; as such he has no interest in the result of the suit. His fees are not contingent thereon. Officially the subsequent proceedings are a matter of indifference to him. The duties of a county clerk and those of an appraiser, selected and sworn by the sheriff to appraise property in his custody, are not incompatible. We see no reason why the clerk could not, if otherwise qualified, impartially act in such capacity, the same as any other disinterested, resident freeholder.

As to the second objection, counsel contend that the requirement of certification by the sheriff of the copy served is statutory, and hence mandatory.

It must be conceded that proceedings by attachment are statutory in their inception, and, as such, are to be strictly construed. Having no foundation outside the statute, such proceedings, in all things essential, must conform thereto.

Under the return in this case, was the signature of the sheriff to the certificate indorsed on the back of the inventory essential to the validity of service, or can it be said that, without it, there was an essential compliance with the statutory requirement that the sheriff in executing such writ shall, after seizing and inventorying property of defendant, serve a copy of such attachment and inventory, certified by him, upon said defendant if he can be found in the county, or, if not, causing such service to be made by the sheriff of the county wherein the defendant may be found ? The statute does not prescribe the form of certificate, or manner in which the copy of the

attachment and inventory are to be " certified to by him."
Its purpose is manifestly to fully advise defendant of the
nature of the proceedings against him and what property
has been seized.   Were the copy of the attachment and
warrant served upon defendant in this case sufficient and
properly authenticated to that end ?

It appears from the judge's return that the sheriff,
under his writ, levied on and seized lands of defendant
within his bailiwick; that he made an inventory of the
same and caused it to be appraised; that two copies of
such inventory and appraisal and certificate of seizure,
with the oath and certificate of the appraisers, all per-
sonally signed by the sheriff and appraisers, were made
out, one being securely attached to the original writ and
one to the copy thereof served on defendant.   Such copy
of the writ, with the original duplicate certificates, inven-
tory, and oaths, personally signed, was personally served
on defendant before the return day of such writ, by the
sheriff of Iosco county, who makes full return of service,
certifying that when he made such service he exhibited to
defendant the original writ bearing the signature of the
clerk and the seal of the court impressed thereon.

In *Leonard* v. *Woodward*, 34 Mich. 514, it is said:

" We cannot think the court failed to obtain jurisdic-
tion of the person of the defendant by reason of the omis-
sion of the formal certificate to the copy served.   The de-
fect was purely formal, and the certificate to the copy in-
ventory which was served with it could not have left the
defendant in any doubt regarding the character of the pro-
ceeding.   It is impossible that he could have supposed the
service to be other than a service of authentic papers."

The regulations prescribed by statute as to the mode of
bringing a party into court are designed for his protection
and to enable him, being advised, to take means for his
defense if he desires.   They must be substantially follow-
ed to that end.

It appears from the return of the circuit judge that a
true copy of the writ of attachment, to which was an-

nexed a true duplicate certificate of seizure and inventory of the property attached, subscribed officially, in his own handwriting, by the sheriff, together with a true duplicate oath and certificate of the appraisers, signed personally by them, the jurat to said oath, administered by said sheriff, also personally signed by him, was personally served on defendant, before the return day, by the sheriff of Iosco county, who returns that he, at the same time, exhibited to defendant the signature of the clerk and seal of the court appearing on the original writ, a copy of which he was serving. As said in *Leonard* v. *Woodward, supra,* "it is impossible that he could have supposed the service to be other than the service of authentic papers," and such papers were sufficient to as fully advise him of the nature of the proceedings and the property which had been levied upon as though the signature of the sheriff had also appeared to the formal certificate on the copy of the writ of attachment served. We think the return in this case shows substantial and sufficient compliance with the letter and spirit of the statute to give the court jurisdiction.

The order of the circuit court in overruling said motion is affirmed.

Moore, C. J., and McAlvay, Brooke, Stone, and Ostrander, JJ., concurred. Blair and Bird, JJ., did not sit.